**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JAMES LEWIS HILL**                                                               **PETITIONER**

**V.**                                                                          **NO. 1:10CV268-A-A**

**GLORIA GIBBS, et al.**                                                     **RESPONDENTS**

**MEMORANDUM OPINION**

This cause comes before the court on the petition of James Hill, inmate number K1173, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the Respondents' motion to dismiss. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

On January 21, 2000, the Petitioner was sentenced to fifteen years, in the custody of the Mississippi Department of Corrections ("MDOC") for the sale of cocaine and fifteen years for aggravated assault to be served consecutively. After serving approximately seven years of his sentence, Hill challenged MDOC's calculation of his sentence. Hill argues that he was entitled to thirty days of trusty time each month towards his aggravated assault charge and ten days credit towards the sale of cocaine charge.

On September 26, 2007, Hill filed an administrative grievance and followed through with each step. The grievance procedure was completed on May 20, 2008. While the ARP was pending, Hill filed a motion for post-conviction collateral relief in the Circuit Court of Sunflower County on March 14, 2008. The court found that Hill had received ten days each month towards his sale of cocaine charge and would be eligible for the thirty days of credit once he began to serve time for the aggravated assault charge. The court held that MDOC had properly calculated Hill's sentence and the petition was dismissed on June 17, 2008.

On November 1, 2010, Hill filed his federal habeas petition in which he sets forth essentially five arguments.

| | |
|---|---|
| Ground One | MDOC miscalculated Petitioner's sentence at the June 17, 2008, post-conviction hearing. |
| Ground Two | MDOC violated the "Order and Opinion" of the post-conviction court in miscalculating Petitioner's sentence. |
| Ground Three | MDOC "forced" Petitioner into an illegal sentence due to the miscalculation of his sentence at the post-conviction hearing. |
| Ground Four | MDOC has violated the ex post facto clause by "forcing Hill to do more time than the law requires." |
| Ground Five | MDOC has violated the prohibition against ex post facto application of laws as contained in the U.S. Constitution Art. I, § 9, Cl. 3 and Art. 1, § 10, Cl. 1, as well as the Mississippi Constitution Art. 3, § 16. |

The Respondents submit that the Hill's claims are all barred by the one-year statute of limitations. As a result, the Respondents argue that this court may not review the merits of the claims. Alternatively, the Respondents contend that Hill's claims are defaulted because he failed to present them to the State's highest court and that he no longer has a remedy in the State courts.[1]

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

---

[1] Hill had filed a petition for post-conviction review challenging his guilty pleas and convictions asserting claims of ineffective assistance of counsel. The claims currently asserted were never presented to the Mississippi Supreme Court. As a result, any petition presented to the State court now would be considered successive and would likely be barred. *See* Miss. Code Ann. § 99-39-27.

> States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

### Statute of Limitations Applied to the Grievance

Hill's petition squarely challenges MDOC's calculation of his sentence. The AEDPA establishes a one-year statute of limitations for federal habeas petitions. The limitations period runs from the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. *Id.* at § 2244(d)(1)(D).

Arguably, Hill discovered the factual predicate for his claims prior to September 26, 2007[2], when he filed the first step of the administrative remedy program. Hill, however, would be entitled to tolling while his grievance was pending. *See Slainas v. Texas Parole Bd.*, No. SA-10-CA-984-XR, 2010 WL 5788660 at *3 (W.D. Tex. Dec. 22, 2010) (tolling the limitations period during the pendency of the informal dispute resolution process). The ARP was pending from September 26, 2007 until May 20, 2008– 237 days. Hill would be entitled to additional tolling while his state court

---

[2] Any date prior to September 26, 2007, would not bolster the timeliness of Hill's petition. In the absence of any contradictory proof and viewed most favorably to the Petitioner, the court uses September 26th as the starting point.

petition was pending. The state court petition for post-conviction review was denied on June 17, 2008.[3] He is, therefore, entitled to another 28 days of tolling.

Given the one-year statute of limitations which began to run on September 26, 2007, Hill had until September 26, 2008, to filed his federal habeas petition or properly file a petition in the state court to toll the limitations. As noted above, Hill is entitled to 265 days (237 plus 28) of tolling. To be timely, Hill's federal petition must have been filed on June 18, 2009. Hill, however, did not file this federal petition until November 1, 2010, approximately 501 beyond the expiration of the limitations period.

Equitable Tolling

Equitable tolling is an extraordinary remedy which is only sparingly applied. *See Iwrin v. Dept. of veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 4335 (1990). The Fifth Circuit has held that the statue of limitations found in the AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The doctrine is practically limited to circumstances in which the plaintiff has been actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). The Supreme Court requires a habeas petitioner to show that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *See Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed. 2d 294 (2007). The petitioner bears the burden of demonstrating equitable tolling is warranted. *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007).

---

[3] Recall that there was overlap between the ARP and state court post-conviction review petition. In other words, Hill filed the petition for post-conviction review before the ARP had been completed. As a result, Hill is entitled to an additional 28 days–the time from the completion of the ARP (May 20, 2008) to the conclusion of the state post-conviction review in the trial court (June 17, 2008).

Hill has not asserted any rare or exceptional circumstances that would warrant the application of equitable tolling. In his reply to the State's motion to dismiss, Hill reasserts his claims and does not address the timeliness of his petition. The doctrine of equitable tolling, therefore, will not be used to breath new life into his claims. Hill's petition will be dismissed with prejudice as barred by the statute of limitations.

A final judgment in accordance with this opinion will be entered.

THIS the 9th day of August, 2011.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**